UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

```
_____
                               :
ANDREW LUCAS,                  :
                               :
          Plaintiff,           :   1:18-cv-02791-NLH-AMD
                               :
     v.                        :   OPINION
                               :
S. LAVON EVANS, JR. and        :
S. LAVON EVANS, JR. OPERATING  :
COMPANY,                       :
                               :
          Defendants.          :
_____:
```

**APPEARANCES:**

ANDREW LUCAS
24 IRON ORE ROAD
MANALAPAN, NJ 07726

    *Plaintiff appearing pro se*

PAUL CHRISTIAN JENSEN, JR.
FOLKMAN LAW OFFICES PC
1949 BERLIN ROAD
SUITE 100
CHERRY HILL, NJ 08003

    *On behalf of Defendants*

**HILLMAN**, District Judge

    Plaintiff, Andrew Lucas, appearing *pro se*,[1] claims that he purchased oil and gas interests in Alabama and Texas pursuant to

---

[1] Plaintiff also listed Lucas Capital Advisors, LLC and Lucas Capital Exploration Venture I-IV as plaintiffs. As the Clerk informed Plaintiff when he filed his complaint, such entities require their own legal representation, and Plaintiff cannot represent them *pro se*. See U.S. v. Cocivera, 104 F.3d 566, 572

the misrepresentations by Defendants, S. Lavon Evans, Jr. and S. Lavon Evans, Jr. Operating Company, that "the purchase proceeds were to be used for drilling and completion work," when Defendants actually used the proceeds for their own legal fees. Plaintiff claims that on January 27, 2010 he entered into a settlement agreement with Defendants, but after two payments, they failed to make the remaining payments under the agreement.[2] Plaintiff claims that Defendants' actions constitute violations of the federal securities laws, which Plaintiff contend provide a five-year statute of limitations.  Plaintiff seeks $1,143,948.06, plus interest and penalties.[3]

---

(3d Cir. 1996) (explaining that a corporation may not appear *pro se*, and it may not be represented by an officer not licensed to practice law) (quoting Rowland v. California Men's Colony, 506 U.S. 194, 201-02 (1993) ("'It has been the law for the better part of two centuries . . . that a corporation may appear in the federal courts only through licensed counsel.'")).

[2] Plaintiff's complaint refers to the settlement agreement and other documents as exhibits, but Plaintiff did not send to the Clerk's Office those exhibits as attachments for filing. Consideration of those exhibits are not necessary for the Court's resolution of Defendants' motion to dismiss.

[3] Plaintiff avers that this Court has subject matter jurisdiction over his action under 28 U.S.C. § 1332(a) (diversity of citizenship and an amount in controversy exceeding $75,000) and 28 U.S.C. § 1331 (federal question).  Plaintiff has not properly averred the citizenship of the parties to establish subject matter jurisdiction under § 1332(a), but because Plaintiff claims that Defendants violated federal law, Plaintiff has properly established subject matter jurisdiction under § 1331.

Defendants have moved to dismiss Plaintiff's complaint on res judicata grounds.[4] On January 15, 2016, Plaintiff filed a breach of contract action against Defendants in the Southern District of Mississippi arising from the same claim that Defendants breached their January 27, 2010 settlement agreement after they made two payments. See Lucas v. S. Lavon Evans, Jr., et al., Civil Action 2:16-10-KS-MTP (S.D. Miss.). The district court dismissed Plaintiff's complaint because his breach of contract claim was barred by Mississippi's three-year statute of limitations. (Docket No. 13-3 at 13-17.) The Court of Appeals for the Fifth Circuit affirmed. (Docket No. 13-3 at 19-25.)

The Fifth Circuit summarized Plaintiff's claim and the procedural history:

> On January 27, 2010, Lucas and Evans executed a settlement agreement which resolved certain "claims, issues, and disputes relating to or arising from [the

---

[4] Defendants filed their motion on June 25, 2019, and Plaintiff's opposition was due on July 22, 2019. On August 12, 2019, Plaintiff requested an extension of time to file his opposition, but as of December 10, 2019, Plaintiff had failed to file his opposition or otherwise contact the Court. The Court provided Plaintiff with an additional 20 days from December 10, 2019 to file his response to Defendants' motion, or indicate whether he wished to discontinue pursuing his claims against Defendants. (Docket No. 15.) The Court further ordered that if Plaintiff failed to respond to Defendants' motion or contact the Court within 20 days, the Court would consider Defendants' motion to dismiss as unopposed. On January 7, 2020, Plaintiff requested a further extension of time to file his response (Docket No. 16), which Plaintiff submitted for docketing on January 17, 2020 (Docket No. 17).

3

> parties'] various business ventures." The agreement imposed a number of obligations on both parties; at issue in this case is Evans's promise to pay Lucas $556,500 plus interest. The agreement called for Evans to pay monthly installments, starting at $10,000 per month and rising to $20,000 per month, "until the unpaid principal, interest, and all loan charges have been paid in full." If Evans had paid all his installments in a timely manner, the last installment would have come due in November 2012. The agreement also called for Evans to execute a promissory note and deliver it to Lucas along with the agreement.
>
> Evans failed to execute a promissory note. According to Lucas, Evans did make three $10,000 payments to Lucas in February, March, and April 2010. Evans has no record of those payments but states that he made a partial payment of $5,000 in February 2012. It is undisputed that Evans made no additional payments thereafter. Lucas contacted Evans as early as April 19, 2010, to complain about missed payments and to threaten legal action.
>
> Lucas sued Evans for breach of contract on January 15, 2016. Evans moved for summary judgment, arguing that Lucas's claim was barred by Mississippi's three-year statute of limitations applicable to breach of contract actions. *See* Miss. Code § 15-1-49. In response, Lucas argued that Evans was continuing to breach the settlement agreement by not making payments. The district court granted Evans's motion for summary judgment and dismissed Lucas's claim. This appeal followed.

(Docket No. 13-3 at 22-23.)

The Fifth Circuit then explained why it affirmed the district court's decision:

> The parties agree that Mississippi law controls. . . . Lucas brought suit in January 2016; thus, for this action not to be time-barred, the statute of limitations must have accrued no later than January 2013.
>
> It is undisputed that if Evans had timely paid all monthly installments, his last installment would have come due in November 2012. It is also undisputed that Lucas was aware of Evans's failure to make monthly installments as

4

>they came due.  To escape these facts, Lucas argues that
>Evans has continued to breach the settlement agreement by
>not making monthly payments and points to a section of the
>settlement agreement that obligates Evans to make payments
>"until the unpaid principal, interest, and all loan charges
>have been paid in full."  As the district court held,
>applying the continuing breach doctrine based on this
>section of the settlement agreement would effectively waive
>the statute of limitations, which Mississippi law expressly
>prohibits.  Moreover, Lucas's continuing breach argument
>contradicts the Mississippi Supreme Court's holding in
>*Freeman* which defined the accrual date for unpaid
>installments as the date "when [each installment] falls
>due."  Accordingly, the district court did not err in
>holding that Lucas's breach of contract claim is time-
>barred.

(Docket No. 13-3 at 24-25, internal citations omitted.)

Defendants argue that Plaintiff's instant complaint raises the same claims and issues as his Mississippi action, and it is therefore barred under res judicata principles.  This Court agrees.

The doctrine of res judicata consists of two distinct concepts - issue preclusion and claim preclusion.  <u>Migra v. Warren City Sch. Dist. Bd. of Educ.</u>, 465 U.S. 75, 77 n.1 (1984); <u>U.S. v. 5 Unlabeled Boxes</u>, 572 F.3d 169, 174 (3d Cir. 2009) (quoting <u>Venuto v. Witco Corp.</u>, 117 F.3d 754, 758 n.5 (3d Cir. 1997)) ("Collateral estoppel customarily refers to issue preclusion, while res judicata, when used narrowly, refers to claim preclusion.  This court has previously noted that 'the preferred usage' of the term res judicata 'encompasses both claim and issue preclusion.'").  Res judicata is "not a mere

5

matter of technical practice or procedure but a rule of fundamental and substantial justice.  Equal Employment Opportunity Comm'n v. U.S. Steel Corp., 921 F.2d 489, 492 (3d Cir. 1990).  It is "central to the purpose for which civil courts have been established, the conclusive resolution of disputes," and seeks to avoid the expense and vexation of multiple lawsuits, while conserving judicial resources and fostering reliance on judicial action by minimizing the possibility of inconsistent decisions.  Id. (quoting Montana v. United States, 440 U.S. 147, 153-54 (1979)).

Issue preclusion prevents re-litigation of issues that were necessarily decided in a previous case.  Burlington N. R.R. v. Hyundai Merch. Marine Co., 63 F.3d 1227, 1232 (3d Cir. 1995).  There are four elements for issue preclusion to apply: (1) the issue in the prior proceeding must be identical to the current issue; (2) the issue must have been actually litigated; (3) the issue must have been determined by a final, valid judgment; and (4) the issue must have been essential to the judgment.  Id. (citing In re Graham, 973 F.2d 1089, 1097 (3d Cir. 1992)).  Complete identity of parties in the two suits is not required for the application of issue preclusion.  Id.

Claim preclusion prevents parties from re-litigating claims that have been fully litigated or claims that could have been

6

litigated in a prior action.  In re Mullarkey, 536 F.3d 215, 225 (3d Cir. 2008) (citing Post v. Hartford Ins. Co., 501 F.3d 154, 169 (3d Cir. 2007)).  Claim preclusion applies where three elements are met: (1) there has been a final judgment on the merits; (2) the parties are identical to the parties in the prior action or are in privity with the identical parties; and (3) the subsequent case is based on the same cause of action as the prior case.  Churchill v. Star Enterprises, 183 F.3d 184, 194 (3d Cir. 1999); see also Bradley v. Pittsburgh Bd. of Educ., 913 F.2d 1064, 1070 (3d Cir. 1990) (emphasizing that claim preclusion prohibits reexamination not only of matters actually decided in prior case, but also those that parties might have, but did not, assert in that action).

While issue preclusion was intended to be a more-narrow application of res judicata, "[t]he differences between claim preclusion and issue preclusion in many cases may be more fiction than fact."  Purter v. Heckler, 771 F.2d 682, 690 n.5 (3d Cir. 1985); cf. McNasby v. Crown Cork and Seal Co., Inc., 888 F.2d 270, 276 (3d Cir. 1989) ("This case provides a good example of the difference between claim and issue preclusion. Were we to uphold the district court's application of claim preclusion, we would affirm the dismissal of the plaintiffs' suit.  On the other hand, the application of issue preclusion in

7

the instant case would benefit the plaintiffs because many issues were determined in their favor by the [Pennsylvania Human Rights Commission]."). Here, under either issue preclusion or claim preclusion, Plaintiff's complaint must be dismissed. The Court, however, will focus on how claim preclusion bars Plaintiff's claims.

As a primary matter, it is evident that Plaintiff is attempting to circumvent the Fifth Circuit's determination that his claims against Defendants arising from the January 27, 2010 settlement agreement are barred by Mississippi's three-year statute of limitations by contending that Defendants' actions constitute federal securities fraud, rather than common law breach of contract, and a five-year statute of limitations applies to his current action, which he claims was filed within the five-year window. Plaintiff's tactic is unavailing.

The repackaging of a claim under a different legal theory does not prevent the application of res judicata. "[N]ew legal theories do not make the second case different for purposes of claim preclusion." Haefner v. North Cornwall Tp., 40 F. App'x 656, 657–58 (3d Cir. 2002) (finding that the district court properly applied the doctrine of claim preclusion where the assertions in the plaintiff's second civil complaint involved the same operative facts and the same parties, or their privies,

8

as in his prior civil complaint, and with the exception of two new legal theories, the two lawsuits were identical); see also Churchill v. Star Enterprises, 183 F.3d 184, 195 (3d Cir. 1999) ("While Churchill cited different statutes to support her two cases, the FMLA in Churchill I and the ADA and PHRA in Churchill II, the court correctly observed that the fact that Churchill advanced different legal theories does not mean that her second action will not be precluded.  There is simply no escaping from the fact that Churchill has relied on different legal theories to seek redress from the Appellees for a single course of wrongful conduct.  Because the claims were the same, Churchill asserted a single cause of action in both cases that the doctrine of claim preclusion required her to have joined in one suit.  Thus, this case at bottom is simply a classic example of splitting a cause of action.").

Plaintiff claims that Defendants' failure to complete their payments under their settlement agreement constitutes securities fraud.[5]  This contention is simply a substitution of "breach of contract" in his Mississippi complaint with "federal securities violations" in his complaint here.  The factual allegations and

---

[5] To the extent that Plaintiff alleges that Defendants' use of "the purchase proceeds" for their own legal fees instead of for "drilling and completion work" constitutes a violation of federal securities laws, the Court addresses that claim below.

9

the parties in this case are identical to Plaintiff's Mississippi action, in which there has been a final judgment on the merits.  Moreover, even if Defendants' failure to make payments under their agreement could support a claim for securities fraud, rather than breach of contract, Plaintiff was required to assert that claim in the Mississippi action because it arises out of the same course of conduct as the one alleged here.  Plaintiff's complaint in this Court squarely meets all the elements of claim preclusion.

Even if Plaintiff's claims for federal securities law violations were not barred by claim preclusion, Plaintiff's claims fail to meet the proper pleading standards for stating a cognizable claim.  To determine the sufficiency of a complaint, a court must take three steps: (1) the court must take note of the elements a plaintiff must plead to state a claim; (2) the court should identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth; and (3) when there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief.  Malleus v. George, 641 F.3d 560, 563 (3d Cir. 2011) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 664, 675, 679 (2009) (alterations, quotations, and other citations omitted).

Separate from his claims regarding the parties' settlement agreement, Plaintiff claims:

> 8. Defendants willfully violated the Securities Act of 1933 (15 U.S.C. §77) and the Securities Exchange Act of 1934 (15 U.S.C. §78) by defrauding the plaintiffs of investment monies and a subsequent debenture (loan) to said defendants.
>
> 9. The subject oil and gas interests, and the subsequent debenture, were securities as defined by 15 U.S.C. §77b(a)(l) and 15 U.S.C. §78c(a)(l).
>
> 10. Plaintiffs relied upon the misrepresentations of the defendants and purchased oil and gas interests of leases in the Black Warrior Basin in Alabama.
>
> 11. The Plaintiffs further relied upon the misrepresentations of the defendants and purchased additional oil and gas interest in the Los Quelos Mineral Trust near Laredo, Texas.
>
> 12. All purchases were made based upon the misrepresentations of the defendants that the purchase proceeds were to be used for drilling and completion work.

(Docket No. 1 at 1-2.)

Plaintiff alleges that he relied upon Defendants' misrepresentations regarding the purchase of securities as defined under federal securities laws, and he contends that this violates federal securities laws. Plaintiff fails, however, to specify what provisions of the Securities Act of 1933 and the Securities Exchange Act of 1934 that Defendants allegedly violated.[6]

---

[6] Plaintiff cites to "15 U.S.C. § 77 and 15 U.S.C. § 78." 15 U.S.C. § 77 is "Discrimination against neutral Americans in time

11

The Securities Act of 1933 contains 78 subparts.  See 15 U.S.C. § 77a - § 77bbbb.  The Securities Exchange Act of 1934 contains 129 subparts.  See 15 U.S.C. § 78a - § 78lll.  Plaintiff's conclusory allegation that Defendants wholesale violated 207 sections of two federal statutes does not satisfy Plaintiff's "obligation to provide the 'grounds' of his 'entitle[ment] to relief,'" which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . ."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (citations omitted).

Additionally, Plaintiff's availment of the five-year statute of limitations for these alleged securities law violations is deficient on its face.[7]  Under 28 U.S.C. § 1658(b):

---

of war" and 15 U.S.C. § 78 does not exist.  The correct citations are 15 U.S.C. § 77a, et seq. and 15 U.S.C. § 78a, et seq.

[7] The statute of limitations is an affirmative defense, see Fed. R. Civ. P. 8(c)(1), but on a Rule 12(b)(6) motion, a complaint may be dismissed on statute of limitations grounds, when the statute's applicability "is apparent on the face of the complaint."  Ahn v. Cigna Health and Life Insurance Company, 2019 WL 5304628, at *5 (D.N.J.  2019) (citing Wisniewski v. Fisher, 857 F.3d 152, 157 (3d Cir. 2017); Fried v. JP Morgan Chase & Co., 850 F.3d 590, 604 (3d Cir. 2017)); see also Chilcott v. Erie County Prison, 774 F. App'x 99, 101 n.1 (3d Cir. 2019) (citing Adams v. Gould Inc., 739 F.2d 858, 870 n.14 (3d Cir. 1984)) ("Although statute of limitations and res judicata are affirmative defenses, they can be asserted on a motion to dismiss.").  In addition to arguing that Plaintiff's complaint is barred under res judicata, Defendants also argue

12

> [A] private right of action that involves a claim of fraud, deceit, manipulation, or contrivance in contravention of a regulatory requirement concerning the securities laws, as defined in section 3(a)(47) of the Securities Exchange Act of 1934 (15 U.S.C. 78c(a)(47)), may be brought not later than the earlier of—
>
>> (1)   2 years after the discovery of the facts constituting the violation; or
>>
>> (2)   5 years after such violation.

Plaintiff alleges that his complaint, which was filed on February 23, 2018, was "brought within 5 years of the verbal agreement for payment of the invested funds," and "[s]uch assertion to satisfy the debenture was made in September 2014." (Docket No. 1 at 2.)  Accepting as true Plaintiff's contention that September 2014 is the date that triggers the statute of limitations under § 1658(b), it is the two-year limitations period that governs, not the five-year period.  If either Plaintiff discovered the alleged securities fraud in September 2014 or Defendants committed the alleged securities fraud in September 2014, Plaintiff was required to bring his claims by September 2016.

The five-year limitation period is only implicated in very limited circumstances.  For example, a defendant commits a securities violation on February 1, 2010, but the plaintiff does

---

that Plaintiff's claims are barred by the statute of limitations set forth in 28 U.S.C. § 1658(b).

13

not discover facts constituting the violation until January 1, 2015. The five-year limitations period under § 1658(b)(2) - the date of the violation - would be February 1, 2015. The two-year limitations period under § 1658(a) - the date the violation was discovered - would be January 1, 2017. The five-year limitations period would apply because it is the earlier of the two limitations periods.

Here, two years from September 2014 - September 2016 - is earlier than five years from September 2014 - September 2019. Thus, the two-year limitations period applies, and Plaintiff's federal security law violation claims, which were filed on February 23, 2018, are time-barred based on his own pleading of when such alleged violations were either discovered or occurred.[8]

Consequently, Plaintiff's complaint must be dismissed in its entirety for three reasons: (1) it is barred by claim

---

[8] Plaintiff's statements in his complaint also negate his contention that September 2014 is his discovery date of Defendants' alleged securities law violations. Plaintiff's complaint reveals that Defendants' alleged misrepresentations that constitute securities fraud occurred prior to January 2010 - the date Defendants allegedly proposed a settlement of Plaintiff's dispute with them, which arose out of their pre-January 2010 misrepresentations which induced Plaintiff to buy the oil and gas interests. January 2010 is well outside the limitations periods in § 1658(b). The Court accepts, however, Plaintiff's attestation that the September 2014 date triggers the statute of limitations as true for the purpose of resolving Defendants' motion to dismiss.

preclusion, (2) it fails to state cognizable claims, and (3) it is time-barred under 28 U.S.C. § 1658(b).  Plaintiff's complaint will be dismissed with prejudice.[9]

An appropriate Order will be entered.

At Camden, New Jersey

s/ Noel L. Hillman
NOEL L. HILLMAN, U.S.D.J.

---

[9] See Ostuni v. Wa Wa's Mart, 532 F. App'x 110, 112 (3d Cir. 2013) (per curiam) (affirming dismissal with prejudice due to expiration of statute of limitations); Family Civil Liberties Union v. State, 386 F. Supp. 3d 411, 441 (D.N.J. 2019) (finding that because all three requirements for claim preclusion were satisfied, the plaintiffs' complaint was dismissed with prejudice).  Moreover, except in civil rights cases, a court is not obligated to afford a plaintiff the opportunity to amend his complaint, either *sua sponte* or following the dismissal of the complaint pursuant to a motion to dismiss.  Fletcher Harlee Corp. v. Pote Concrete Contractors, Inc., 482 F.3d 247, 251 (3d Cir. 2007).  Plaintiff has not asserted any civil rights violations and he has not sought leave to file an amended complaint.

15